JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paul Green

**DEFENDANTS**
Dallas County Schools

**(b)** County of Residence of First Listed Plaintiff   Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Wright Firm, LLP, 8150 N. Central Expy., Suite 775, Dallas, Texas 75206; (214) 780-9696

Attorneys (If Known)
Ashley Wilson

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure       28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |       Liability ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment |       Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |       Liability       Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |       Liability ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |       Product Liability    Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |       Injury    Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |       Accommodations ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |       Employment ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |       Other | ☐ 465 Other Immigration | |    State Statutes |
| | ☑ 440 Other Civil Rights |    Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 3126; 29 USC 3426; Title VII of the Constitution

Brief description of cause:
Action is brought pursuant to the Americans with Disability Act of 1990 for disc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S)  (See instructions)
PENDING OR CLOSED:

JUDGE _____

DOCKET NUMBER _____

DATE  3/2/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | | |
|---|---|---|
| PAUL GREEN<br>    Plaintiff, | ) | |
| | ) | |
| | ) | **Case No.** |
| v. | ) | |
| | ) | **JURY DEMAND** |
| DALLAS COUNTY SCHOOLS, | ) | |
|     Defendant. | ) | |

## PLAINTIFF PAUL GREEN'S COMPLAINT AND JURY DEMAND AGAINST DALLAS COUNTY SCHOOLS

Now comes Plaintiff, Paul Green, by and through his counsel, and for Complaint against the Defendant Dallas County Schools, states as follows:

## I. NATURE OF THE ACTION

1.      This Action is brought pursuant to the Americans with Disability Act of 1990 (the "ADA"), 42 U.S.C. §126, et seq. for disability discrimination and retaliation for having complained of disability discrimination under Title VII of the Constitution.

2.      This action is also brought pursuant to the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. for age discrimination.

## II. PARTIES AND JURISDICTION

3.      At all times relevant hereto, Plaintiff, Paul Green (hereinafter referred to as "Green" or "Plaintiff") has resided at 2519 John West Rd., Apt. 18209, Dallas

Texas 75228 and is a citizen of Dallas County, Texas. His date of birth is November 23, 1953 and at all times relevant hereto Plaintiff was over forty (40) years of age.

4.    At all times relevant hereto, Defendant Dallas County Schools, a County school district providing services to independent school districts throughout the State of Texas, located in Dallas County, TX, is and at all times mentioned herein was an employer within the meaning of the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA). Defendant may be served with process by serving its General Counsel, Ashley Wilson, at Defendant's usual place of business located at 612 North Zang Boulevard, Dallas, Texas 75208.

5.    The Northern District of Texas, Dallas Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Green resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

### III. PROCEDURAL PREREQUISITES

6.    On November 28, 2011, Green filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

7.    More than sixty days have elapsed since Green filed his charge with the EEOC.

8.    Green received a right to sue letter dated December 6, 2011, and fewer than ninety days have elapsed since Green received same. **See Exhibit A.**

## IV. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9      Plaintiff, Paul Green, is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 "ADA"; and the Family Medical Leave Act "FMLA".

10.     On or about October 7, 2009, Defendant hired Green as an employee. Specifically, Plaintiff was hired to be a bus monitor.

11.     In or around 2001, Green was diagnosed with several chronic medical conditions, including hypertension and congestive heart failure. Green was also diagnosed with colon cancer and has been battling the disease for fifteen (15) years.

12.     As a result of his hypertension and congestive heart failure, Green was required by his doctor to take medications, which include Coreg, Diflucan, Bactrim and Acyclovir. **See Exhibit B**. These medications act as a diuretic and are designed to remove fluid from around the heart. When taken, any excess fluid in the body is flushed through urination, causing the user of the medication to feel a sudden and immediate urge to urinate.

13.     On Wednesday, August 30, 2011, Green was on an evening bus run with his supervisor, Dallas County Schools bus driver, Carlos Barrillo ("Barrillo"). After dropping off all of the elementary children on the bus, Green's fluid medications began working and he asked Barrillo to stop at a gas station so that he

may relieve himself. Barillo repeatedly and angrily denied Green's pleas to stop, all while passing up several convenience stores and other public restrooms.

14.    Due to Barillo's refusal to stop and allow Green to relieve himself, Green was unable to control his bodily fluids and unfortunately urinated on himself while on the bus. Green was humiliated and asked Barillo to pull over so that he could clean himself. Barillo again refused. As a result, Green was forced to place a towel in his sweat pants to absorb the urine in an effort to clean himself up.

15.    Shortly thereafter, Carlos Barillo made a stop to pick up one child who was wheel chair bound. When the child boarded the bus, Green did not touch him and did not come within two feet of him. Instead, he sat embarrassed in his wet seat with a towel covering his lap. The bus driver asked him to buckle the wheel chair to the bus, which Green proceeded to do at the request of his supervisor, again never coming into contact with the child or leaving his seat. After dropping the student off at his destination, Barillo and Green returned to Dallas County Schools as their shift had ended.

16.    The following day, August 30, 2011, Green reported the incident to Dennis Johnson, Dallas County Schools' Area Director, detailing the humiliation caused by the inhumane treatment he sustained at the hands of Carlos Barillo. Mr. Johnson stated he would investigate the incident and transferred Mr. Green to a different bus.

17.     A week after the incident, Green underwent colon cancer surgery. **See Exhibit C**. He was out for six (6) days per his doctor's orders and returned with a ten (10) pound weight restriction.

18.     On September 16, 2011, within a week of returning from surgery, Green received a termination notice from Dennis Johnson of Dallas County Schools. **See Exhibit D**. The notice states:

> "On Wednesday, August 31, 2011, you engaged in unprofessional conduct while on a DCS school bus. In your written statement, you admit to urinating on yourself and in a water bottle while onboard the school bus. Although no students were onboard the bus at the time of the incident, you failed to protect the health and safety of the students boarding at your next scheduled stop from exposure to body fluids, by continuing to perform your functions as a bus monitor after the incident." **See Exhibit D**.

Barillo, however, was suspended for only one day <u>with pay</u>.

19.     After his termination, Green filed a grievance with Aaron Hobbs, Director of Transportation for Dallas County Schools, against Dennis Johnson for terminating him. On October 13, 2011, Hobbs upheld Green's termination stating

that he continued to act as bus monitor "even though you had soiled your clothes and even though you did not have a place to sanitize the bus or yourself..." **See Exhibit E**. Nowhere in the letter did it mention that Green was forced to stay on the bus, essentially being held hostage by Carlos Barillo.

20.     Green appealed Aaron Hobb's decision to the Superintendent, Rick D. Sorrells, Ed.D.  Sorrells upheld the termination in his letter dated November 3, 2011. **See Exhibit F**. Sorrells did not state a reason in his letter for upholding the termination.

21.     Green then appealed to Dallas County Schools Board of Trustees. The Board met to conduct a boarding meeting on Wednesday, December 1, 2011, regarding Green's status of termination. In an open session, the Board denied Green's appeal and upheld his termination. **See Exhibit G.**

22.     Consequent to his termination, Green filed an unemployment claim with the Texas Workforce Commission ("TWC"). The claim was originally denied by the TWC because Defendant informed the TWC investigator that Green was terminated for job misconduct. Green appealed the decision, and on November 18, 2011, the TWC Appeal Tribunal overturned the decision and awarded Green unemployment benefits. Specifically, the Appeal Tribunal found:

> "In the present case, there is insufficient evidence to
> establish that the claimant was guilty of misconduct. The

claimant testified that he alerted the bus driver in plenty of time for him to get to a restroom at the service station. The bus driver was responsible for the claimant urinating on himself because the driver refused to stop...Since the claimant was discharged for reasons other than work connected misconduct...the claimant is not subject to disqualification..." **See Exhibit H.**

23. Defendant knew of Green's health condition and refused to reasonably accommodate Green when Green was not allowed to use the restroom. Additionally, Green was retaliated against after he filed a complaint to Dennis Johnson regarding the incident that took place on August 30, 2011.

24. Instead of terminating Green's supervisor, Carlos Barillo, for misconduct, unprofessional behavior and harassment of his subordinate, Defendant terminated Green, the individual with a disability.

25. Green was fifty-seven (57) years of age at the time of his termination. Green was replaced by a man in his early thirties.

26. The EEOC issued a Notice of Suit Rights to Green on December 6, 2011. **See Exhibit A.**

## COUNT I—DISABILITY DISCRIMINATION

27.    The allegations contained in paragraphs 1 through 26 inclusive are hereby incorporated by reference.

28.    From the time he was diagnosed with hypertension, congestive heart failure and colon cancer, Green was capable of performing the duties of bus monitor for Defendant.

29.    Due to his physical impairments, Green's major life activity has been limited under 42 U.S.C. § 12102(2)(A). Specifically, Green is not able to control the operation of a major bodily function, his bladder. 42 U.S.C. § 12102(2)(B).

30.    On August 30, 2011, Green was unable to control his bodily functions on a Dallas County School bus driven by Carlos Barillo. Green pleaded with Barillo to stop and let him use the restroom. Barillo continually, intentionally, and in a discriminatory manner refused to allow Green to use the restroom, therefore causing Green to urinate on himself.

31.    Defendant failed to reasonably accommodate Green's known physical condition by refusing to let him use the restroom. Green's request for accommodation would not have imposed an undue hardship on the operation of Defendant's business. 42 U.S.C. §12112 (a) & (b)(5); 29 C.F.R. § 1630.9(a). Instead, it was a request for a basic human need.

32.     Defendant's termination of Green was not based on any medical justification and was discriminatory towards Green. Defendant terminated Green because of his disability.

33.     Such adverse employment actions by Defendant were in violation of the ADA.

34.     Following Defendant's termination of Green, Green was replaced by a non-disabled individual.

35.     As a result of Defendant's actions, Green has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## COUNT II—AGE DISCRIMINATION

36.     The allegations contained in paragraphs 1 through 35 inclusive are hereby incorporated by reference.

37.     Green's age was a determining factor in Defendant's decision to terminate Green. Green was fifty-seven (57) years of age when he was terminated. Defendant hired a man in his early thirties to replace Green.

38.     Defendant knowingly and willfully discriminated against Green on the basis of his age in violation of the ADEA.

## COUNT III—MENTAL AND EMOTIONAL DISTRESS

39.     The allegations contained in paragraphs 1 through 38 inclusive are hereby incorporated by reference.

40.     Defendant's actions described herein were intentional and inflicted upon Green's severe mental and emotional distress.

41.     As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

## COUNT IV—RETALIATION

42.     The allegations contained in paragraphs 1 through 41 inclusive are hereby incorporated by reference.

43.     On August 31, 2011, Green complained to Defendant of disability discrimination for failure to accommodate him.

44.     On or about September 16, 2011, Green was terminated for the exact issue that he complained of on August 31, 2011. **See Exhibit C.**

45.     Green appealed the decision, but Defendant refused to reinstate his employment.

46.     Defendant's termination of Green as bus monitor was in retaliation against Green for his having complained of disability discrimination.

## V. <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendant for the following:

A.     For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount being just;

B.     For reasonable costs, including attorney's fees; and

C.     For all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

**Paul F. Wright**
State Bar No. 24008308
**Danya A. Fuller**
State Bar No. 24059786

**THE WRIGHT FIRM, LLP**
Campbell Centre II
8150 N. Central Expressway | Suite 775
Dallas, Texas 75206
Telephone (214) 780-9696
Facsimile (214) 780-9797

**ATTORNEYS FOR PLAINTIFF PAUL GREEN**

## <u>VERIFICATION</u>

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

**BEFORE ME,** the undersigned authority, on this day personally appeared Paul Green, who being by me duly sworn on his oath deposed and said:

"My name is Paul Green, I am over the age of 18 years and I am fully competent to make this affidavit. I have read Plaintiff Paul Green's Complaint and Jury Demand Against Dallas County Schools. The statements in Paragraphs I, II, and III of Plaintiff Paul Green's Complaint and Jury Demand Against Dallas County Schools are based on my personal knowledge, and are true and correct."

_____
PAUL GREEN

SUBSCRIBED AND SWORN to before me on the ___2nd___ day of March 2012, to certify which, witness my hand and seal of office.



AMY ELIZONDO
Notary Public, State of Texas
My Commission Expires
September 30, 2014

_____
Notary Public in and for the State of Texas

My Commission Expires:

___9·30·14___

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Paul Green<br>2519 John West Rd. Apt. 18209<br>Dallas, TX 75228 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2012-00149 | Peggy J. Kirkwood,<br>Investigator | (214) 253-2880 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**DEC 06 2011**

Michael C. Fetzer,
Director

(Date Mailed)

Enclosures(s)

cc:    **Rick Sorrells**
**Superintendent**
**DALLAS COUNTY SCHOOLS**
**612 N. Zang Blvd.**
**Dallas, TX 75208**

EXHIBIT
A

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



# UPT0WN PHYSICIANS
#### G R O U P

| | | |
|---|---|---|
| Brady L. Allen, M.D. | David M. Lee, M.D. | Marc A. Tribble, M.D. |
| Robert W. Henderson, M.D. | | Gene W. Voskuhl, M.D. |

To Whomever It May Concern,

   Mr. Paul Green is a patient of mine. He has several chronic medical problems including Hypertension and Congestive Heart Failure. His current medications include Coreg, Diflucan, Bactrim and Acyclovir.

Sincerely,

Brady L. Allen, M.D.





# ☤ BAYLOR

Centralized Business Services
2001 Bryan Street  St. 2600
Dallas, Texas 75201-3005

| CARRIER | GROUP NUMBER | POLICY NUMBER |
|---|---|---|
| MEDICARE OUTPATIENT | | XXXXX824 |
| UNITED HEALTHCARE | 23111 | 80037669 |

Services Rendered at:
Baylor University Medical Center
3500 Gaston Avenue
Dallas, Texas 75246

**FORWARDING SERVICE REQUESTED**
ADDRESSEE

PAUL D GREEN
PO BOX 2994
DESOTO TX 75123-2994

REMIT TO

BAYLOR UNIVERSITY MEDICAL CENTER
PO BOX 842022
DALLAS, TX 75284-2022

☐ Please check box if address is incorrect or insurance information
has changed and indicate change(s) on reverse side.

### THIS IS NOT A BILL–Informational purposes only for your records

| ACCOUNT NUMBER | PATIENT NAME | DATE | SERVICE DATE |
|---|---|---|---|
| 060304074 | **PAUL D GREEN** | 9/13/11 | 9/09/11 - 9/09/11 |

### MESSAGE

**THIS NOTICE IS PROVIDED TO EXPLAIN OUR BILLING PROCESS.** We have filed a claim to your insurance company for the service dates listed.  You will be billed for the patient portion once your insurance company has processed your claim. If you do not receive notice from your insurance company within forty-five (45) days please contact them for status.  We need to work together to ensure your claim is processed timely.  You may receive statements from other providers that assisted in your t̲   ment like, laboratory, radiology, anesthesia, emergency and cardiology testing. Questions regarding those statements should be directed to the provider on your statement.  Thank you for selecting a Baylor facility for your health care needs, we know you have a choice.  If you need further assistance please contact us by email or phone. — www.baylorhealth.com

| DATE | DESCRIPTION | AMOUNT | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| | LABORATORY ROUTINE | 130.00 | | | |
| | LABORATORY SPECIAL | 157.50 | | | |
| | EMERGENCY ROOM DEPT | 746.62 | | | |
| | **TOTAL BILLED CHARGES** | **1,034.12** | | | |
| 09/13/11 | MEDICARE ADJ | 869.43- | | | |
| | **TOTAL ADJUSTMENTS** | **869.43-** | | | |

For **Billing Inquiries** or information about our **Financial Assistance**
program, please call 214-820-3151 or 800-725-0024.
To pay online visit our web      .baylorhealth.com/paymybill

# ☤ BAYLOR

Baylor University Medical Center
3500 Gaston Avenue
Dallas, Texas 75246

EXHIBIT
**C**

f10005          acct1049-20110914040025-1-240346814                                    2568      Page 1 of 1      58

  **BAYLOR**

*(Inside)*

Centralized Business Services
2001 Bryan Street   St. 2600
Dallas, Texas  75201-3005

| CARRIER | GROUP NUMBER | POLICY NUMBER |
|---|---|---|
| MEDICARE OUTPATIENT | | XXXXX824 |
| UNITED HEALTHCARE | 23111 | 80037669 |

Services Rendered at:
 Baylor University Medical Center
 3500 Gaston Avenue
 Dallas, Texas 75246

**FORWARDING SERVICE REQUESTED**
ADDRESSEE

PAUL D GREEN
PO BOX 2994
DALLAS TX  75115

REMIT TO

BAYLOR UNIVERSITY MEDICAL CENTER
PO BOX 842022
DALLAS, TX 75284-2022

☐ **Please check box if address is incorrect or insurance information
has changed and indicate change(s) on reverse side.**

### THIS IS NOT A BILL–Informational purposes only for your records

| ACCOUNT NUMBER | PATIENT NAME | DATE | SERVICE DATE |
|---|---|---|---|
| 060279920 | **PAUL D GREEN** | 9/09/11 | 9/01/11 - 9/02/11 |

**MESSAGE**

**THIS NOTICE IS PROVIDED TO EXPLAIN OUR BILLING PROCESS.** We have filed a claim to your insurance company for the service dates listed.  You will be billed for the patient portion once your insurance company has processed your claim. If you do not receive notice from your insurance company within forty-five (45) days please contact them for status.  We need to work together to ensure your claim is processed timely.  You may receive statements from other providers that assisted in your treatment like, laboratory, radiology, anesthesia, emergency and cardiology testing. Questions regarding those statements should be directed to the provider on your statement.  Thank you for selecting a Baylor facility for your health care needs, we know you have a choice.  If you need further assistance please contact us by email or phone. — www.baylorhealth.com

| DATE | DESCRIPTION | AMOUNT | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| | OPERATING SUPPLIES | 7,829.00 | | | |
| | OPERATING ROOM | 244.90 | | | |
| | RECOVERY ROOM | 1,331.43 | | | |
| | ANESTHESIA | 1,000.00 | | | |
| | LABORATORY ROUTINE | 63.00 | | | |
| | LABORATORY SPECIAL | 103.30 | | | |
| | LABORATORY - TISSUE | 492.00 | | | |
| | PHARMACY | 1,245.87 | | | |
| | CARDIAC THERAPY | 211.50 | | | |
| | **TOTAL BILLED CHARGES** | **12,521.00** | | | |

 **BAYLOR**

**For Billing Inquiries** or information about our **Financial Assistance** program, please call 214-820-3151 or 800-725-0024.
To pay online visit our website: www.baylorhealth.com/paymybill

Baylor University Medical Center
3500 Gaston Avenue
Dallas, Texas 75246



# Dallas County Schools

Strengthening Education Through Service

September 16, 2011

VIA:  CERTIFIED MAIL
& First Class Mail

Paul Green #13057
2777 N. Buckner #114
Dallas, TX 75227

Re:  Termination/Dismissal


Dear Mr. Green,

We regret to inform you that your employment with Dallas County Schools ("DCS") has been terminated effective September 16, 2011.

On Wednesday, August 31, 2011, you engaged in unprofessional conduct while on a DCS school bus. In your written statement, you admit to urinating on yourself and in a water bottle while onboard the school bus.

Although no students were onboard the bus at the time of the incident, you failed to protect the health and safety of the students boarding at your next scheduled stop from exposure to body fluids, by continuing to perform your functions as a bus monitor after the incident.

Please arrange to return any DCS property that is in your possession.

Although we regret the situation, this act is compulsory.

Respectfully,



Dennis Johnson
Lawnview Area Director

Cc:     Ashley Wilson, General Counsel
        Nettie Hobbs, Risk Manager
        Beverly Crathers, Director of Human Resources
        Dale Kaiser, Employee Relations Manager
        Francine Hudson, Asst. Superintendent of Transportation Services
        Aaron Hobbs, Director of Transportation



EXHIBIT

D

# Dallas County Schools

# Employee Discipline Notice Form

Date: 9/16/2011

This document serves as a written notice to Paul Green concerning your employment with Dallas County Schools ("DCS"), Your performance is an important part of your employment with DCS, and DCS would like to notify you of matters that may negatively impact your employment.

This document serves as notice of your TERMINATION. Be sure you understand why you are receiving this document before you are dismissed from this meeting. If you are confused as to the action taken towards you, a grievance process is availble to each employee as set out in DCS Policy § 13.001 and the Employee Handbook.

The reasons for your TERMINATION are more fully described below:

On Wednesday, August 31, 2011, you engaged in unprofessional conduct while on a DCS school bus. In your written statement, you admit to urinating on yourself and in a water bottle while onboard the school bus. Although no students were onboard the bus at the time of the incident, you failed to protect the health and safety of the students boarding at your next scheduled stop from exposure to body fluids, by continuing to perform your functions as a bus monitor after the incident.

A copy of this document will be provided to you before you are dismissed from this meeting today and will be placed in your personnel file. Please provide your acknowledgment of this record by signing in the space provided.

Employee_____ _Refused to sign_

Supervisor_____

Witness_____

⦅COPY⦆



**Dallas County Schools**
Strengthening Education Through Service

October 13, 2011

**Via Regular 1ˢᵗ Class Mail**

Mr. Paul Green
P.O. Box 2994
DeSoto, TX 75123

Dear Mr. Green,

Thank you for participating in the Dallas County Schools' ("DCS") grievance process. This process is designed to give employees a fair and impartial forum to resolve issues of concern to them. In addition, the grievance process serves as an important tool for DCS to ensure that all management personnel comply with federal and state fair employment practice requirements.

You have filed a grievance against your Area Director, Dennis Johnson, for terminating you for urinating on yourself and in a bottle on the school bus. You claim that you requested the driver to pull over at a service station so that you could go to the restroom, but he refused. You are requesting to be reinstated as a bus monitor and that DCS compensate you for lost wages lost during this issue.

Based on my review of the information included in the grievance documents that you filed, information provided by you during the grievance hearing, and my investigation I find that you continued to act as the bus monitor on the bus even though you had soiled your clothes and even though you did not have a place to sanitize the bus or yourself before handling a wheelchair student. Therefore, I am upholding the decision of the Area Director, Dennis Johnson, and the termination stands.

Sincerely,

Aaron D. Hobbs
Director of Transportation

cc:   Dennis Johnson, Area Director, *via e-mail*
      Dale Kaiser, Employee Relations Manager, *via e-mail*
      Ashley Wilson, General Counsel, *via e-mail*
      Charles Axe, Member Advocacy Specialist, *via e-mail*



EXHIBIT
E



# Dallas County Schools

Strengthening Education Through Service

Rick D. Sorrells, Superintendent

November 3, 2011

**Via Regular 1st Class Mail**

Mr. Paul Green
P.O. Box 2994
DeSoto, Texas 75123

Dear Mr. Green:

I have reviewed information, including comments received at the hearing held October 27, 2011 regarding your grievance. Please know that DCS takes all good-faith complaints seriously and uses its best efforts to investigate all such complaints.

In conducting my investigation and reviewing all evidence, I am unable to overturn the decision made by Mr. Hobbs. I must, therefore, deny the relief you have requested and uphold your termination.

Sincerely,

*Rick D. Sorrells*

Rick D. Sorrells, Ed.D.
Superintendent

RDS:oe

cc:   Charles Axe, TSTA Member Advocacy Specialist, via facsimile 512.486.7044 & Regular 1st Class Mail
       Aaron Hobbs, Director of Transportation, via email
       Ashley Wilson, General Counsel, via email
       Dennis Johnson, Lawnview Area Director, via email
       Beverly Crathers, Director of Human Resources, via email



EXHIBIT
F



# Dallas County Schools

Strengthening Education Through Service

December 7, 2011

*Via Regular 1ˢᵗ Class Mail*

Mr. Paul Green
P.O. Box 2994
DeSoto, Texas 75123

Dear Mr. Green:

The Board of Trustees of Dallas County Schools met to conduct a Board Hearing on Wednesday, December 7, 2011, regarding your termination. The Board in open session at that meeting denied your appeal and upheld your termination.

Sincerely,

Larry Duncan
Board President

LD:oe

cc: Angela Davis, NEA President, *via email & Regular 1ˢᵗ Class Mail*
    Rick D. Sorrells, Superintendent, *via email*
    Aaron Hobbs, Director of Transportation, *via email*
    Ashley Wilson, General Counsel, *via email*
    Dennis Johnson, Lawnview Area Director, *via email*
    Beverly Crathers, Director of Human Resources, *via email*



EXHIBIT
G

# Texas Workforce Commission
## Appeal Tribunal

### TWC Building
### Austin, Texas 78778

**11-18-2011**
Date Mailed

**CLAIMANT:**

| | |
|---|---|
| PAUL D. GREEN<br>2519 JOHN WEST RD APT 18209<br>DALLAS TX  75228-8831 | |

| | |
|---|---|
| **Appeal No.** | 1515367-1-1 |
| **S.S. No.** | 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 |
| **I. C. Date** | 09/18/2011 |
| **Appeal Filed By:** | Claimant |
| **Date Appeal Filed:** | 10/12/2011 |

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision.  The last day on which you may file an appeal is **12-02-2011**. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

## Appearances:

| Date/Location | For Claimant | For Employer |
|---|---|---|
| 11/17/2011<br>Telephone | PAUL  GREEN | NETTIE HOBBS,<br>Risk Manager |

**EMPLOYER:**     **PI:** _X_     **NPI:** ____     **Account No.** 99-990563-3

| |
|---|
| DALLAS COUNTY SCHOOLS<br>PO BOX 851925<br>RICHARDSON TX  75085-1925 |



EXHIBIT
H

**A-1ATE (907) DATES ARE SHOWN AS MONTH, DAY, & YEAR.**

**CASE HISTORY:** A determination dated October 7, 2011 disqualified the claimant under Section 207.044 of the Texas Unemployment Compensation Act because the claimant was discharged from the last work due to misconduct connected with the work. The no payment period began September 18, 2011 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount. The claimant appealed.

The employer was notified that as a reimbursing employer the chargeback provisions of the Texas Unemployment Compensation Act do not apply to the employer and the employer will be billed for benefits based on wage credits from this employer.

**ISSUES:** The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant based on wages from the employer should be charged to the employer's account for use in computing the employer's tax rate.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of September 18, 2011, the claimant last worked from October 7, 2009, through September 16, 2011, as a bus monitor for the named employer, a school district.

The claimant, who suffers from hypertension and congestive heart failure, takes medication designed to remove fluid from his body. The medicine causes the claimant to suddenly feel an urge to urinate. On August 30, 2011, after dropping some students off, the claimant asked the bus driver to stop at a service station because he needed to urinate. The bus driver would not stop to allow the claimant to relieve himself and as a result, the claimant urinated on himself.

The claimant placed a towel inside his sweat pants to absorb the urine, and the bus driver stopped to pick up one child who was wheel chair bound. When the child boarded the bus, the claimant did not touch him. On August 31, 2011, the claimant reported the incident to the supervisor because the bus driver did not stop to allow him to use the rest room. On September 16, 2011, the employer discharged the claimant because it determined that the claimant exposed children to bodily fluids.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines misconduct to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

In the present case, there is insufficient evidence to establish that the claimant was guilty of misconduct. The claimant testified that he alerted the bus driver in plenty of time for him to get to a restroom at the service station. The bus driver was responsible for the claimant urinating on himself because the driver refused to stop. Furthermore, the claimant was only around one child after the urination, and the claimant testified that he only buckled the wheel chair to the bus without touching the child. Since the claimant was discharged for reasons other than work connected misconduct as defined in Section 201.012 of the Act, the claimant is not subject to disqualification under Section 207.044 of the Act. The determination dated October 7, 2011, which disqualified the claimant for benefits beginning September 18, 2011 under Section 207.044 of the Act, will be reversed.

Section 205.013 of the Act provides that at the end of each calendar quarter the Commission shall bill each reimbursing employer for an amount equal to the amount of the regular benefits plus one-half (1/2) of the amount of the extended benefits paid during such quarter which are attributable to service in the employ of such employer, except that a state, a political subdivision of a state, or any instrumentality of any states or political subdivisions of a state, that is a reimbursing employer shall pay 100 percent of the extended benefits paid, and reimbursements shall be paid by the reimbursing employer to the Commission.

Since the employer is a reimbursing employer and also a base period employer, Section 205.013 of the Act requires that any benefits paid to the claimant which are attributable to service with this employer be billed to this employer.

**DECISION:** The determination dated October 7, 2011, which disqualified the claimant for benefits beginning September 18, 2011 under Section 207.044 of the Act, is reversed.

The notice to the employer regarding reimbursements is correct. The employer will be billed for benefits paid to the claimant based on wage credits from this employer.

J. WILLIS
Hearing Officer

J4W